RICHARD M. SCOTT, PLAINTIFF IN ERROR V. EZRA LUNT'S
                    ADMINISTRATOR.

Action of covenant brought by the plaintiff in error to recover the amount
    of certain rents alleged to have been due and in arrear from the defend-
    ant since the death of his intestate under an indenture, by which a certain
    annual rent was reserved out of the property conveyed by the indenture,
    and which the grantee covenanted to pay; a clause of re-entry for non-
    payment of the rent being contained in the deed. By the court: it is
    firmly established, that on a covenant to pay rent, reserved by the deed
    granting real estate subject to the rent, the personal representatives of
    the covenantor are liable for the non-payment of the rent, after an as-
    signment, although there may also be a good remedy against the assignee.
    The laws of Virginia have not, in this respect, narrowed down the re-
    sponsibility existing by the common law in England.
The assignee of a fee farm rent, being an estate of inheritance, is, upon the
    principles of the common law, entitled to sue therefor in his own name.
    It is an exception from the general rule, that choses in action cannot be
    transferred, and stands upon the ground of being, not a mere personal
    debt, but a perdurable inheritance.
The common law of England, and all the statutes of parliament made in aid
    of the common law, prior to the fourth year of the reign of king James
    the first, which are of a general nature, and not local to the kingdom,
    were expressly adopted by the Virginia statute of 1776; and the subse-
    quent revisions of its code have confirmed the general doctrine on this
    particular subject.
The instructions given to the jury, not conforming to the issue made up by
    the pleadings, a venire de novo was awarded.

IN error to the circuit court of the United States for the county
of Alexandria in the district of Columbia.

This was an action of covenant instituted in the circuit
court for the county of Alexandria, by the plaintiff against the
defendant, to recover sundry annual rents alleged to be due
from the defendant's testator to the plaintiff, under a deed exe-
cuted by General George Washington and wife of the one part,
and the defendant's intestate on the other part, by which a lot
of ground in the city of Alexandria was conveyed to Ezra
Lunt, his heirs and assigns, subject to the payment of an
annual rent of seventy-three dollars, payable to General George
Washington, his heirs, executors and assigns, on the 8th day

[Scott v. Lunt's Administrator.]

of August in each year. The deed was made upon the 8th day of August 1799, and contained the following covenants:

"And the said Ezra Lunt, his heirs and assigns, does hereby grant unto General George Washington, his heirs and assigns, the said annual rent of seventy-three dollars, issuing out of the said hereby demised premises; and the said Ezra Lunt, his heirs and assigns, do hereby covenant, promise and grant, to and with the said General George Washington, his heirs and assigns, that he, the said Ezra Lunt, his heirs and assigns, will yearly, and every year for ever, well and truly pay the aforesaid sum of seventy-three dollars, unto the said General George Washington, his heirs and assigns, on the day and at the time appointed for payment, as aforesaid; and also, that it shall and may be lawful for the said General George Washington, his heirs and assigns, at any and at all times after the said rent shall become due (if the same be not paid when demanded), to enter upon the said hereby granted piece of land, and distress and sale make of the goods and chattels which may be thereupon found, to pay and satisfy such rent or rents, or part of a rent, as may remain due and in arrear. And it is further agreed, covenanted, conditioned and provided, by the said Ezra Lunt, his heirs and assigns, to and with the said General George Washington, his heirs and assigns, that if the said yearly rent of seventy-three dollars, or any part thereof, be behind or unpaid for the space of thirty days next after the same became due and payable, and sufficient goods and chattels of the said Ezra Lunt, his heirs and assigns, shall not be found upon the said hereby granted premises to pay and satisfy the same, that then it shall and may be lawful for the said General George Washington, his heirs and assigns, in and upon the said hereby granted piece of land and premises to re-enter, and the same to hold again, repossess and enjoy, as if this present indenture had never been made, any thing herein contained to the contrary thereof in anywise notwithstanding."

The deed also contains a covenant of general warranty.

On the 28th of August 1804, the executors of General Washington, by a deed of indenture executed on that day, sold and conveyed to Henry Smith Turner, his executors, administrators and assigns, the annual rent of seventy-three dollars, issuing out of, and charged upon the piece of ground conveyed

to Ezra Lunt, " to have and to hold the said annual rent of seventy-three dollars, unto the said Henry Smith Turner, his heirs and assigns," &c.   This deed recited the conveyance to Ezra Lunt at large.

On the 25th day of February 1808, Henry Smith Turner sold and conveyed the said ground rent of seventy-three dollars, to the plaintiff in error.   The conveyance, after reciting the deed from General Washington to Ezra Lunt, and that the said rent and the powers of distress and re-entry contained in the same, were, by the executors of General Washington, transferred to him, the said Henry Smith Turner, his heirs and assigns, by the deed of August 5th, 1804, proceeds as follows:

"Now this indenture witnesseth, that the said Henry Smith Turner, and Catharine his wife, for and in consideration of six hundred dollars, to him, the said Henry S. Turner, in hand paid by the said Richard Marshall Scott, at or before the sealing and delivery of these presents, the receipt whereof he, the said Henry Smith Turner, doth hereby acknowledge, and thereof and of every part and parcel thereof doth acquit, release, and discharge him, the said Richard Marshall Scott, his heirs, executors and administrators, by these presents, have given, granted, bargained, sold, aliened, assigned, transferred, set over, and confirmed, and by these presents do give, grant, bargain, sell, alien, assign, transfer, set over, and confirm unto him, the said Richard Marshall Scott, his heirs and assigns for ever, that rent of seventy-three dollars, issuing out of that piece of ground lying upon the north side of Prince street, and to the westward of Pitt street, in the town of Alexandria, granted by the said George Washington to the said Ezra Lunt, and by his executors conveyed and transferred unto him, the said Henry Smith Turner, and the powers of distress and re-entry, and all deeds and instruments of writing which relate to the reservation and transfer of the said rent, and every covenant, clause, and stipulation, contained in them or any of them.   To have and to hold all and singular the said premises, with their appurtenances, unto him, the said Richard Marshall Scott, his heirs and assigns, to the only proper use and behoof of him, the said Richard Marshall Scott, his heirs and assigns for ever."

[Scott v. Lunt's Administrator.]

To the declaration filed upon the covenant contained in the lease for the payment of these rents, the defendant pleaded :

1st, That he had not broken the covenants in the declaration mentioned, and put himself on the country and the said plaintiff likewise.  The defendant afterwards filed a general demurrer to the declaration, which was overruled by the court, and the defendant then filed two additional pleas, viz :

2d, That he had fully administered, &c. .

3d, That before the days in the declaration mentioned for the payment of said rent, that is to say, on the —— day of ——, in the year—— the said plaintiff, under and by virtue of the said condition of re-entry in the said deed contained, did enter on the said premises, thereby demised, for non-payment of certain rent then in arrear and unpaid, and held and occupied the same as vested in him by the said entry as his absolute estate, &c.

To these pleas there was a general replication and issues.

After these issues were joined, the plea fully administered was withdrawn, and the cause went before the jury upon the first and second pleas above stated.

The plaintiff gave in evidence the deed or lease from General Washington and Martha his wife, to Ezra Lunt, and the conveyances of the executors of General Washington, and Henry Smith Turner.

The defendant then gave evidence to prove that, upon the settlement of the administration account by the defendant upon the estate of his testator, there was a balance in the hands of the administrator of one hundred and forty-nine dollars ; which he, the defendant, under the order of the orphans' court, distributed among the next of kin of the deceased, in the year 1812 ; no demand having been made upon him as administrator for said rent previously to this suit.

The defendant then gave, in evidence to the jury, a deed from the original lessee, Ezra Lunt and his wife, to James Boyd, and a deed from James Boyd to Jonathan Schofield, by which deeds it was admitted, that the premises upon which the said rent was charged had been duly conveyed to him, Jonathan Schofield.

The defendant then offered Jonathan Schofield as a wit-

ness in the said cause to prove that the said plaintiff had made a re-entry upon the premises in question.

The said Schofield proved, that he had held the premises in question, from the time he obtained a deed for them, that is to say, from the 4th of November 1817, to the latter end of the year 1820; that towards the close of 1820, the plaintiff pressed him for the rents then due upon the premises, and threatened to re-enter upon them, if the rent was not paid; that, in the year 1819, the said plaintiff and himself had a conversation in relation to the said rent, in which the plaintiff threatened to re-enter upon the premises for the non-payment, and, that the said Schofield had, on his part, in the said conversation, declared his total inability to make payment, and that, at the plaintiff's request, he agreed that the plaintiff should take possession of the premises and do what he pleased in consequence of the non-payment of the said rent; that, in the end of the year 1820, he received a letter from the plaintiff on the same subject, and that the letter now produced by the latter, was written by him in answer thereto; that after this he understood that the said plaintiff had re-entered on, and taken upon himself the management of the said premises, and he supposed that he meant no longer to look to him for the rents, and, in fact, that he had re-entered upon the premises; that, from the year 1819, to the present time, he has had nothing to do with the premises, nor has any claim been made against him for the rent. It is admitted that, during all this time, that is to say, from January 1821 to the present time, the said Jonathan Schofield is wholly insolvent.

The defendant then examined a witness, one Barton Lynch, who gave evidence to prove, that about the beginning of the year 1821, the plaintiff engaged him to labour for him at seventy-three dollars a year, and the plaintiff informed him that he was entitled to a ground rent upon the premises in question of seventy-three dollars; that if he would collect this rent, he might do so and apply it to his (the plaintiff's) credit on account of his labour, and that he might, so far as the plaintiff had any concern in the premises, do whatever he pleased towards renting and making the most of the property; that he did not mean to re-enter upon the property; that he immediately turned his attention and found two families living upon

[Scott v. Lunt's Administrator.]

it ; that, under an authority from the plaintiff, he entered on and repaired the premises to a pretty considerable extent, and rented the property out, from time to time, for nearly three years, and received for the rents about one hundred and forty dollars, which was paid over to the plaintiff, or rather accounted for by him to the plaintiff, in the settlement of his account for his labour done for the plaintiff.

This evidence being given to the jury, with a view of showing that a re-entry had been made by the plaintiff upon the premises in question, the counsel for the plaintiff prayed the court to instruct the jury, that the said evidence was not competent to prove that the said plaintiff had re-entered upon the said premises, so as to vest in him a title to the said premises, and to bar him from the claim which he has here made; and that it was not even competent for the jury to infer from the said evidence, that such re-entry had been made: which instruction the court refused to give, being of opinion that the said evidence was competent to be left to the jury for their consideration, upon the question whether a re-entry had been made by the plaintiff according to the terms of the clause in the aforesaid original deed, from General Washington's executors to the said Ezra Lunt.

The court having refused to instruct the jury as aforesaid, the counsel for the plaintiff prayed the court to instruct the jury, that the time at which the re-entry ought to be made, depended upon the lease given in evidence by the plaintiff as aforesaid, and could not be varied by the evidence given, as aforesaid, by the defendant ; and that if they found that a re-entry had been made, that it ought to be such as would conform to the deed ; and that a mere occupation of the premises, by a landlord or his agent, or the receipt of rents of the premises did not, in themselves, amount to a re-entry; which instruction the court refused to give, being of opinion that it was for the said Schofield to waive any of the formalities required by law for his benefit.

The defendant then prayed the court to instruct the jury that if the jury should be satisfied by the said evidence, that the said Richard M. Scott did enter and take possession of he premises, under and by virtue of the clause of re-entry in the deed from General Washington's executors to the testator of

[Scott v. Lunt's Administrator.]

the defendant, it is competent for the jury to infer from the evidence aforesaid, that the said Jonathan Schofield assented to the said re-entry; and that if they believe that he did so assent, and he yet continues to assent to the said re-entry, and that the plaintiff has never since offered to reinstate the said Schofield in the possession of the said premises, that the said plaintiff is bound by the said entry, and cannot recover against the same, the rent which became due subsequently thereto; which instruction the court gave as prayed.

The counsel for the plaintiff excepted to the refusal of the court to give the instruction prayed by the plaintiff, and to the instruction given by the court on the prayer of the defendant. Judgment having been rendered by the court, in favour of the defendant, this writ of error was prosecuted.

The case was argued by Mr Swann, for the plaintiff in error; and by Mr Jones, for the defendant.

Mr Justice Story delivered the opinion of the Court.

This cause comes before us upon a writ of error to the circuit court for the district of Columbia, sitting in Alexandria.

The original suit is an action of covenant brought by Scott, as assignee, to recover the amount of certain rents alleged to be due and in arrear from the defendant, since the death of his intestate, under an indenture stated in the pleadings. The defendant pleaded in the first place, that he had not broken the covenants in the deed; after which plea, issue was joined. Afterwards, a general demurrer was put in to the declaration; which being joined by the plaintiff, was, upon the hearing, overruled by the court. Afterwards the plea of plene administravit was put in, which was withdrawn; and the cause was finally tried upon another plea; which, after oyer of the indenture, stated, that "before the days in the declaration specified for the payment of the rent to the plaintiff under the said deed, that is to say, on, &c. the plaintiff, under and by virtue of the condition of re-entry in the deed contained, did enter into the premises thereby demised, for non payment of certain rent then in arrear and unpaid, *and held and occupied the same as vested in him by the said entry as his absolute estate;*" upon which plea issue being joined, the jury found a verdict for the defendant.

A bill of exceptions was taken at the trial, which will presently come under consideration, as matter assigned for error.

The indenture referred to was made on the 8th of August 1799, between General George Washington and Martha his wife, of the one part, and Ezra Lunt, the defendant's intestate, of the other part. It purports, on the part of General Washington, to grant to Lunt, his heirs and assigns for ever, a parcel of land in Alexandria; he, Lunt, his heirs and assigns yielding and paying for the same, on the 8th day of August yearly, unto General Washington, his heirs and assigns, the sum of seventy-three dollars. And Lunt, and his heirs and assigns, covenant with General Washington, his heirs and assigns, that he, his heirs and assigns will yearly and every year for ever, well and truly pay the aforesaid sum of seventy-three dollars to General Washington, his heirs and assigns on the day, and at the time appointed for payment; and that it shall be lawful for General Washington, his heirs and assigns, at all times after the rent shall become due, to enter upon the premises, and distress and sale make of the goods and chattels found thereon, to satisfy the rent in arrear. And Lunt, his heirs and assigns, further covenant with General Washington, his heirs and assigns, that if the yearly rent or any part thereof, be behind or unpaid for the space of thirty days after the same becomes due and payable, and sufficient goods and chattels of Lunt, his heirs and assigns, shall not be found upon the premises to pay and satisfy the same, it shall be lawful for General Washington, his heirs and assigns, to re-enter and hold the same again, as if the indenture had never been made. And then follows a covenant of general warranty on the part of General Washington, his heirs and assigns.

The executors of General Washington, by virtue of powers given oy his will, on the 25th day of August 1804, by indenture, after reciting the substance of the indenture, assigned and granted unto Henry S. Turner, his heirs and assigns, the said rent by the following descriptive terms: " the aforesaid annual rent of seventy-three dollars issuing out of and charged on the aforesaid piece or parcel of ground, herein before described " There are no words in this indenture assigning over the rights, powers, and remedies, given by the former indenture, by distress and re-entry, or the residuary interest in the pre-

mises resulting from such re-entry. Turner, by another indenture on the 25th of February 1808, assigned and granted the same rent unto the plaintiff (Scott), his heirs and assigns, with the powers of distress and re-entry, and all the covenants and stipulations in the original indenture. But it is manifest, that he could not convey them, unless he had already taken them under the assignment made to him by the executors. The declaration too is founded solely upon the assignment and transfer of the rent, and contains no allegation of any assignment of the collateral rights and remedies and interests in the estate.

Under these circumstances, it is contended, that whatever might be the fate of the bill of exceptions, if the action were otherwise unobjectionable, the plaintiff, upon his own showing, has no title to recover: first, because the rent is a mere chose in action, which cannot be transferred by itself to the assignee, so as to entitle him to sue therefor in his own name: and secondly, because no suit is maintainable against the defendant as administrator, for the rent in arrear, since Lunt's decease, as there is neither privity of estate, nor of contract, between him and the plaintiff. It is added, that Lunt, in fact, in his life-time, assigned over his estate in the premises, and that his administrator is not responsible for any rent subsequently accruing and in arrear. But this fact no where appears upon the pleadings; and if it did, it would not help the defendant: for it is firmly established, that upon a covenant of this sort, the personal representatives of the covenantor are liable for the non-payment of the rent after assignment, although there may also be a good remedy against the assignee(a). The laws of Virginia have not, in this respect, narrowed down the responsibility existing by the common law in England, at the emigration of our ancestors.

Whether the plaintiff as assignee of the rent, not being assignee also of the estate, in the premises, or of the right of re-entry, can maintain the present suit, is quite a different question. If he had been the assignee of the estate, or of the right

(a) See Comyn's Dig. Covenant, C. 1. Bacon, Abridg. Covenant, E. 1, 4. Barnard v. Godscall, Cro. Jac. 309. Orgill v. Kemshead, 4 Taunt. Rep. 642.

[Scott v. Lunt's Administrator.]

of re-entry, as well as of the rent, he would clearly be entitled to maintain it; for the laws of Virginia are in this respect coextensive with those of England. The common law of England, and all the statutes of parliament made in aid of the common law prior to the fourth year of the reign of king James the first, which are of a general nature, and not local to the kingdom, were expressly adopted by the Virginia statute of 1776(a); and the subsequent revisions of its code have confirmed the general doctrine on this particular subject. The very point was decided in Havergill v. Hare, Cro. Jac. 510. There A. being seised of an estate in fee, by indenture granted to B. his heirs and assigns, a fee farm rent with a clause of distress; and covenanted to levy a fine to uses, for securing the payment of the rent; so that, if the rent should be in arrear, B. his heirs and assigns might enter into the land, and enjoy the rents thereof, until the rent in arrear should be paid to them; and B. assigned, by a bargain and sale to C. the rent, "with all the penalties, forfeitures, profits and advantages, comprized in the indenture." The fine was levied, the rent was in arrear, and C. entered, and brought ejectione firmæ; and a special verdict having been found, stating the above facts, one question was, whether this contingent and future use to arise upon non-payment of the rent, was transferable over to C., by the bargain and sale. It was strongly urged by the defendant's counsel, that it is a matter in privity and possibility only, which is not transferable before it falls in esse. But all the justices resolved, that it being a matter of inheritance, and being for the security for the payment of the rent, and waiting upon the rents, might well be transferred with the rent; and by the grant of the rent, the penalty and advantage well passed. But if it had been a mere possibility, not coupled with any other estate, then it had not passed. This case is full to the purpose that such a right of security is capable of being transferred, with the rent, by apt words; and even so transferred, gives the assignee a legal title both to the rent and the attendant remedies. It leaves, however, the point untouched, whether the mere transfer of the rent, without any transfer of the right of entry (as in the present case), would give the as-

(a) See 1 Virginia Revised Code, ch. 38, p. 135, edition of 1819.

signee a right to maintain an action for the rent, seeing it is not knit by any priority of right or estate to the premises. Upon full consideration, however, we are of opinion that the assignee of a fee farm rent, being an estate of inheritance, is upon the principles of the common law entitled to sue therefor in his own name. It is an exception from the general rule, that choses in action cannot be transferred ; and stands upon the ground of being, not a mere personal debt, but a perdurable inheritance. Thus, if an annuity is granted to one in fee, although it be a mere personal charge, yet a writ of annuity lies therefor by the common law ; not only in favour of the party and his heirs, but of their grantee. So the doctrine is expressly laid down by Lord Coke, Co. Litt. 144, b., and he is fully borne out by authority(a) : and in like manner for a rent granted in fee and charged on land, a writ of annuity also lies in favour of the assignee, at his election(b).

And since the statute of 32 Henry 8, ch. 34, covenants of this sort running with the estate or inheritance, are transferable to the assignee with a full right to the benefit thereof. So that there is no difficulty upon principles of the common law, in giving effect to the present action. Whether the present plaintiff has any right to re-entry is a very different question, upon which in the present posture of this case it is unnecessary to give any opinion. It is clear, by the common law, that a right of re-entry always supposes an estate in the party; and cannot be reserved to a mere stranger. So the law was laid down by the twelve judges, in Smith v. Packard, 3 Atk. 135, 140 ; and Lord Chief Justice Willis, on that occasion, in delivering their opinion, said, " therefore I have always thought, that if an estate is granted to a man reserving rent, and in default of payment a right of entry was granted to a stranger, it was void." What effect the statute of 32 Henry 8, ch. 34, or the provisions of the revised code of Virginia, may have upon this point is a question not now before us.

We proceed, then, to the consideration of the bill of excep-

(a) See Co. Litt. 144, b., Hargrave's note, 1 ; Gerrard v. Boden, Hetley, 80 ; Mound's case, 7 Co. Rep. 28, b. ; 1 Thomas's Co. Litt. 448, note F. and 449, note (9) ; Bac. Abridg. Annuity, C., Com. Dig. Annuity, E.

(b) Co. Litt. 144, b.

[Scott v. Lunt's Administrator.]

tions.  Two instructions were prayed by the plaintiff, and one by the defendant.  The latter was given by the court, and with reference to the state of the pleadings, we see no objections thereto : the difficulty is in the refusal of the second instruction prayed by the plaintiff.  It is as follows.: " the plaintiff prayed the court to instruct the jury that the time at which the re-entry ought to be made, depended upon the lease given in evidence by the plaintiff as aforesaid, and could not be varied by the evidence given as aforesaid by the defendant ; and that if they found that a re-entry had been made, that it ought to be such as would conform to the deed ; and that a mere occupation of the premises by a landlord or his agent, or the receipt of rents of the premises, did not of themselves amount to a re-entry."  The court refused to give the instruction, being of opinion that it was competent for the said Schofield, the actual tenant, to waive any of the formalities required by law for his benefit.

Now, however correct may be the opinion of the court of this right of waiver upon general principles, still the question is, whether with reference to the actual terms of the pleadings and issue before the jury, the instruction prayed for was not such as ought, upon principles of law, to have been given.  It is wholly immaterial, whether the pleadings might not have been so framed upon the facts as to have presented a complete defence to the action.  The instruction prayed has reference to the pleadings in the case.  The averment there is, that the plaintiff entered on the premises under and by virtue of the condition of re-entry in the original deed, mentioned, for nonpayment of the rent ; and upon the issue joined, this was the material inquiry.  It is clear, that, upon such an issue, no entry not conforming to that deed, and no evidence of an entry varying from it, would be admissible to support it.  The sufficiency of the evidence before the jury to support the issue was properly left for their consideration.  But the defendant had a right to the instruction, that the proof must conform to the allegations in the pleadings.  For these reasons we are of opinion that the circuit court erred in refusing the above instruction ; and the judgment must on this account be reversed and a venire facias de novo be awarded.