Birchard, C. J.
The first question in order which is presented upon this record goes to the sufficiency of the declaration and is this, can a grantee of the reversion maintain an action of covenant in his own name against a lessee, upon an express covenant contained in the lease for the payment of rent ? If this question is answered in the negative the necessity of any further inquiry will be superseded. That one point, if against the plaintiffs, is decisive of the merits of the case.
*452 At common law choses in action were not assignable, and none kut Pities or privies to express covenants were bound by or could take advantage of them. The rule seems to have been well settled in England, and to avoid its effect and enable the assignee of the reversion to maintain an action in his own name upon the express real covenants, those running with the land, the statute, 32 Hen. 8, Ch. 34, was enacted. Prior to that time grantees of reversions were regarded in the light of strangers. After its passage, in virtue of the act itself, the assignee of the reversion could maintain his action upon the express real covenants. It enabled the lessor and reversioner successively to transfer from one to the other the privity of contract. Platt on Cov. 527 to 533.
But it is claimed that this statute has become incorporated into the law of Ohio, not as a statute law, or by virtue of legislative jurisdiction, but as a part of the common law, which has been adopted as a body or system of law into the American code generally. That it is a part of the system, being in aid of the common law and not repugnant to our institutions, which is as operative in this State as in the English Courts.
It is not known to any one of us that this precise question was ever before presented for the consideration of this Court.
In 1793 a statute was adopted from Virginia, declaring'** that the common law of England and all statutes made in aid of the common law prior to the fourth year of James 1st which were a of a general nature, should be a rule of decision until repealed, within the territory.” 1 Chase, 190.
By the 2d section of the act passed Feb. 22,1805, the above law was repealed, and by the first section of the same act it was re-enacted. (1 Chase, 512.) And again it was repealed January 2, 1806. (Chap. 122, 1 Chase, 528.) Since that date we can discover no legislation upon the subject. The adoption of the law from Virginia and the two enactments of 1805 and 1806 by implication, necessarily show that the British statutes never had any force in Ohio save ■ that derived from their adoption by the Legislature. In all cases where the British *453 statutes contravene or change the common law and are not so incorporated into it as to have become part and parcel of system, it is supposed they have no force within this State dependent of Legislative enactments adopting them.
It was so held in 7 O. R. 276, in reference to the English statute of uses. 27 Hen. 8, Chap. 10. In Scott v. Lant’s administrator, the force of the Statute of Henry 8, Ch. 34, was placed upon the ground of its adoption by the Virginia Legislature. 7 Pet. Rep. 606.
But it is said that this Court has impliedly recognized for one purpose the operative force of the statute 3% Henry 8. The case referred to as evidencing this recognition, is Fulton & Kirker v. Stuart, 2 O. R. 215. That was a suit by the lessor against the assignee of a part of the demised premises, and it was held that the lessor could not maintain covenant against him. He was a mere under lessee. We admit that enough is said in that case to show that if there had been an assignment of the entire leasehold interest, the action would have been sustained. Not, however, solely in virtue of the statute of Henry 8th, but upon the principles of the common law, wholly independent and without the aid of that statute. The covenant when it ran with the land so as to charge the grantee’s or lessee’s assignee, possessed that' property under the rules of the common law, long anterior to that statute. Platt, 541.
Many cases are to be found, in the older books of reports, regarding the liabilities of the assignees of demised premises on covenants running with the land. They were uniformly held liable at common- law on account of the privity of estate between the contending parties. In some cases the assignee of the lessee is bound where the word assigns is not mentioned in the lease. “ In others his liability accrues solely in consequence of assigns being included in the covenant.” Spencer’s case, 5 Coke, 16 ; Platt on Cov. 465, and the cases there cited. The covenant to pay rent is of the first, class, in which the assignee is said to be bound though not named. Stevenson v. Lamberd, 2 East. 575; Porter v. Swetnam, Sty. 406; Parker v. Webb, 3d Salk, 5.
*454 There is nothing, then, in the inference drawn from the case of Fulton & Kirker v. Stewart, because the supposed fact upon which that inference is based does not exist. The statute of Henry 8 was not recognized even by implication in that case, as operative to any extent. There was nothing in the case to call the attention of the Court to the subject. Nothing upon which any question growing out of the act could be raised.

Judgment affirmed.