## THE CONNECTICUT SPIRITUALIST CAMP–MEETING ASSOCIATION *vs.* THE TOWN OF EAST LYME.

New London County, May T., 1886. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

A camp-meeting association, chartered for religious, charitable and social purposes, with power to hold, lease and sell real estate and to erect wharves and keep and operate steam, sail and other boats in connection with its camp grounds, purchased a large tract of land for a camp ground and erected a central building upon it, known as the pavilion, two stories in height, the lower story of which was an open hall, used on Sundays exclusively for religious services, and on week days for social gatherings and amusements, for admission to which a small fee

was sometimes charged, with a place for the sale of refreshments; the upper story containing lodging rooms which were occupied without charge by the speakers of the association and for a small charge by other visitors; all the receipts from the sale of refreshments, from admission fees, from the lodging rooms and from its boats, going into the general treasury and being used for the general purposes of the association. Held that the building was not exempt from taxation as a church, under Gen. Statutes, p. 154, sec. 12.

The statute does not intend to exempt any building earning money applicable to secular uses.

The association, by instruments in the form of a lease, conveyed numerous lots, for a price paid in advance, to persons who erected cottages thereon. The leases were to the lessees and their heirs and assigns, but were forfeitable on the breach of certain conditions. Held that the title of the lessees was a base or determinable fee, and that the lots and the buildings on them were to be taxed as the property of the lessees and not as that of the association.

[Argued May 26th—decided July 27th, 1886.]

ACTION in the nature of an appeal from the doings of the board of relief of the defendant town ; brought to the Superior Court in New London County, and heard before *Torrance, J.* Facts found and judgment rendered for the plaintiffs, and appeal by the defendants. The case is fully stated in the opinion.

*S. Lucas* and *C. W. Butler*, for the appellants.

*J. Halsey* and *J. M. Hall*, for the appellees.

PARDEE, J. The plaintiff was incorporated by the legislature of this state in 1882, under the name of the Connecticut Spiritualist Camp-Meeting Association, with power to take by purchase, gift or bequest, and to hold and enjoy, both real and personal estate of whatsoever nature, and to sell, lease, divide and otherwise dispose of the same, and the income therefrom, for religious, charitable and social purposes, to own and operate steam, sail and other boats in connection with the association's camp grounds, and to construct and maintain wharves and docks for use in connection with the business of the association. Its capital stock was fixed by the charter at eight thousand dollars, divided into

154          SEPTEMBER, 1886.

Conn. Spiritualist Camp-Meeting Asso. *v.* Town of East Lyme.       ·

shares of forty dollars each, transferable as provided by the by-laws. In the year 1882 the association purchased a tract of land containing about thirty-six acres, in the town of East Lyme, for a camp-meeting ground, which, since its purchase, has been and is now used by the members of the association as a camp-meeting ground during the summer season. Some time before the first of October, 1883, the association erected upon this tract a building known as the pavilion or tabernacle, which building it has ever since owned and used. This building the assessors of the town of East Lyme assessed as property of the association subject to taxation. The association appealed from such assessment to the Superior Court on the ground that the building was exempt from taxation as a church or place of worship. The Superior Court held it to be so exempt, and the town of East Lyme has brought the case before this court upon an appeal from that judgment.

The building is sixty feet long and two stories in height. The upper story is divided into twenty-seven small rooms, which are used as lodging rooms, principally by the speakers and preachers of the association, who pay nothing for such use, and by visitors, who are charged a small sum. The lower story is an open hall and is mainly used for the holding of the public religious services of the association and its other meetings, when such services and meetings are not held in a grove near by. On one side of this hall a counter has been fitted up, where, when the room is not used as a place of worship or for public meetings, refreshments are sold by the association. The hall is also used by members of the association and their children and visitors as a place for dancing and parlor-skating, for admission to which a small fee is charged. On Sunday the hall is used solely for religious exercises and public worship.

Because of the powers and privileges granted to and accepted by the corporators they became and are a trading or financial corporation. As such it erected the building known as the " pavilion." This it uses for religious worship exclusively on Sundays and on week days when re-

Conn. Spiritualist Camp-Meeting Asso. *v.* Town of East Lyme.

quired; but on other week days it opens it for public amusement and for pecuniary profit. The receipts for this latter use go into the corporate treasury and are mingled with those from sales or leases of land and wharves, from the use of steam and sail boats, and from any other business in which the corporation may engage. These aggregated receipts it may devote either to religious, charitable or social purposes. The last use is one of wide reach; indeed it is difficult to place limitations upon it. With all that is charitable within it, it has great possibilities which are not charitable in any sense; which are purely secular. The statute exempts buildings or portions of buildings *exclusively* occupied as churches. Gen. Statutes, p. 154, sec. 12. If a trading or financial corporation owns a building and permits its use for purposes of religious worship and yet retains and exercises the right to use it for purposes of public amusement and corporate profit and apply the receipts therefrom to secular uses, the building is not within the exemption.

The determination of the question presented does not depend upon the proportion which the time given to the religious, bears to that given to the secular use; nor upon the amount of resulting income; because the statute does not intend to exempt any building earning money applicable to secular uses. Upon the facts therefore there was error in exempting the "pavilion."

A further question is made with regard to the party who should be taxed for the cottages erected upon the camp-meeting ground. These lots were leased by the association to the different occupants, for a sum paid down in advance for the entire term of the lease; the lease being to the lessee and "his heirs and assigns forever," but forfeitable upon the breach of certain conditions. Upon these lots the lessees have erected cottages. We think the title of the lessees to be what is known in law as a determinable or base fee, and that the lessees are to be regarded as the owners, and that the lots and buildings upon them are to be taxed as their property and not that of the association. In 4th Kent's

Commentaries, 5th ed., p. 9, it is said—"A qualified, base or determinable fee (for I shall use the words promiscuously) is an interest which may continue forever, but the estate is liable to be determined, without the aid of a conveyance, by some act or event, circumscribing its continuance or extent. Though the object on which it rests for perpetuity may be transitory or perishable, yet such estates are deemed fees because it is said they have a possibility of enduring forever."

There is error in the judgment complained of, so far forth as the exemption of the building known as the pavilion is concerned.

In this opinion the other judges concurred.