### PENICK, executor, *et al. v.* ATKINSON *et al.*

A lease of land to A. for as long as he, his heirs, or assigns shall pay a stipulated annual ground rent to the lessor or his heirs or assigns, and shall comply with the covenants therein stated, creates a base or determinable fee, and the property should be taxed to the lessée as owner.

APRIL 15, 1913.

Equitable petition. Before Judge J. B. Park. Morgan superior court. September 3, 1912.

*E. H. George* and *K. S. Anderson,* for plaintiffs in error. Briefs filed, under Civil Code, § 6196, by *T. S. Felder, attorney-general,* and *John C. Hart.*

*Samuel H. Sibley,* contra.

EVANS, P. J. On August 3, 1880, Atharates Atkinson and F. C. Foster as executor of A. G. Foster jointly executed the following instrument:

"Whereas Atharates Atkinson of the said county did lease from Albert G. Foster, late of said county, deceased, two lots on the northeast side of the public square in the city of Madison in said county, one known as the Masonic Hall corner, and one the Goldberg lot, upon condition that the said Atkinson might erect houses thereon, paying the said Foster for the ground rent thereof the sum of three hundred dollars annually on or before the first day of July in each and every year, the said Atkinson to retain possession so long as he paid said rent, and upon his failure to pay the

same according to the terms of said contract, then in that event the said Foster to take absolute possession of said property and the buildings thereon as his property; and whereas said contract went into effect during the year 1869, and the said Atkinson went into possession and has continually paid his rents for each and every year since the making of said contract, with the exception of the year beginning July 1, 1880, as appears from the receipts of said Foster; and whereas the said Foster departed this life on the 9th day of July, 1880, without having reduced said contract to writing:

"Now, therefore, for the purpose of having written evidence of the same, we, the undersigned Atkinson and F. C. Foster as executor of A. G. Foster, late of said county, deceased, do hereby contract with one another, the same being the contract verbally entered into and put in execution by and between the said Atkinson and Albert G. Foster as hereinbefore set forth: The said Atkinson obligates and binds himself to pay to the said Foster, executor as aforesaid, or to whomsoever may be the legal holder of this paper under a division in distribution of the estate of said A. G. Foster, and before the first day of July of each year, commencing with July, 1880, the sum of three hundred dollars, and on failure to do so he is to have 90 days notice; then in that event he is to turn over the possession of said lots and houses and premises to the legal holder of said lots, houses, and possessions, and the legal holder of this paper, or otherwise will be considered as a tenant holding over. In consideration of which the said Fred. Foster, Ex. as aforesaid, agrees that so long as the said Atkinson, his *heirs or assigns,* pay said rent and comply with his contract herein set forth, he the said Atkinson, his heirs and assigns, shall remain in the legal possession of said premises as tenant."

The plaintiffs, alleging themselves to be the successors in title of Atkinson, brought suit against the defendants, who are the successors in title of Foster, alleging that the City of Madison had assessed for taxation the land, together with the improvements thereon, at a stated sum; three fourths of which is attributable to the improvements and one fourth of the assessment is attributable to the land without the improvements. The plaintiffs contended that the taxes should be borne in that proportion by them and the defendants. The defendants declined to admit the plaintiffs' contention. Whereupon the plaintiffs paid the whole tax under an

agreement with the defendants that they would submit an issue to the courts as to what portion of the assessed tax, if any, was legally collectible of the defendants. The jury under the court's instruction found that the tax was apportionable and fixed the amount to be paid by the defendants. The defendants moved for a new trial, which being refused, they excepted.

The instrument out of which grows this suit was construed, in *Atkinson* v. *Orr*, 83 *Ga.* 34 (9 S. E. 787), to be a perpetual lease on condition of the prompt payment of an annual ground rent. The exigencies of the present action call for further interpretation, so as to determine the nature of the estate or interest passing there-under to the lessee. As ordinarily employed, the word "lease" implies a term and reversion to the owner of the land after its termination, and only a chattel interest passes. In the argument of the learned Chief Justice who delivered the opinion in the 83d *Georgia,* he made a clear demonstration that the parties to this instrument meant something more than the creation of a tenancy by the year, or from year to year. Two features were especially stressed by him, viz.: that there was no specification or limit to the character or value of the buildings to be erected by the lessee, and that all buildings, however expensive or valuable, were to become the absolute property of the lessor in the event of the non-payment of rent for a single year. He also took into consideration that the lease was "in perpetuum," and that the owner of the premises was to be restored to possession, not by the termination of any term, but by a forfeiture and re-entry upon failure to pay rent. And when it is further considered that the right of possession in express words is extended to the lessee, "his heirs or assigns," it is clear that the learned Chief Justice was not speaking of leases in the ordinary acceptation of the word; but when he characterized this instrument as a perpetual lease he had in mind the quality of the estate that the lessee took, which was something more than a leasehold interest. A decisive indication that the instrument was not intended as a technical lease, or to create a chattel interest, is that the lessee shall have and retain possession of the premises, for himself, his heirs, and assigns, so long as he complies with his contract. The original signification of the word "lease" is that the lessee has an estate into which he cometh by lawful means. Co. Litt. 43b. The grant of the possession of one's land to another

and his heirs will pass a fee, for the reason that an absolute grant of exclusive possession of land is inconsistent with any other estate except that of a fee. The estate is to be held by the grantee, his heirs, or assigns so long as the grantee, his heirs, or assigns shall pay the rent reserved and comply with the conditions of the grant. The effect of this limitation is not to render the estate granted less than a fee, but only to render it a base or defeasible fee. A perpetual lease sometimes has been referred to and considered the legal equivalent of a conveyance in fee reserving rent. 1 Tiffany on Land. & Ten. § 11; Folts v. Huntley, 7 Wend. (N. Y.) 210.

In Jamaica Pond Aqueduct Corp. v. Chander, 9 Allen (Mass.), 159, it was held that "An instrument by which, for a consideration received all at one time, the grantors 'lease' certain land to the grantee, mentioning no time during which the estate is to continue, and reserving, 'so long as this lease shall continue, the right to any logs or pipes in the same leased premises,' and certain other rights connected therewith, to have and to hold the same to the grantee, 'his heirs and assigns, under the restrictions and reservations aforesaid, so long as said grantors shall keep pipes in his land, as aforesaid, and no longer,' conveys a base fee." The Supreme Court of Pennsylvania has held that a lease to A.B., his heirs and assigns, creates a base fee. Robb v. Beaver, 8 Watts & S. 107. In Connecticut Spiritualist Camp-Meeting Assn. v. Town of East Lyme, 54 Conn. 152 (5 Atl. 849), a corporation owning a camp-ground, upon which was erected a pavilion and in which religious services were held, leased cottages on the camp-ground to lessees; the lease being to the lessee and "his heirs and assigns forever," but forfeitable on breach of certain conditions; and it was held that such a lease created a determinable or base fee.

We think that a perpetual lease is the substantial equivalent of a fee reserving rent. A grant of land to another, reserving a fixed annual rent with power to re-enter for non-payment of rent, creates a defeasible fee. Van Rensselaer v. Hayes, 19 N. Y. 68 (75 Am. D. 278); Stephenson v. Haines, 16 O. St. 478; Hudson Tunnel Co. v. Attorney-General, 27 N. J. Eq. 573. In the last-cited case lands under water were granted by the State, and in the grant a rent payable to the State was reserved, and in the instrument of grant power to re-enter for non-payment of rent was also reserved. One of the questions was, what interest in the land did the State

have under this grant? In the opinion it was said: "The interest which the State has in the premises is not an actual estate. It consists merely in a charge to secure the payment of the rent reserved, by distress and re-entry and taking possession. On a grant of the whole estate in fee simple, reserving a certain rent, with a clause for distress and re-entry for non-payment of the rent, the owner of the rent has neither seigniory nor reversion. 2 Stephen's Comm. 25; Litt. §§ 217, 218. A right of entry is not a reversion or estate in the land. Nichol v. New York & E. R. Co., 2 Kernan [12 N. Y.], 121. Nor is a mere possibility of reverter for condition broken, which may or may not happen, an estate in reversion. 4 Kent, 354; 2 Washb. on Real Property, 390."

Ground rents are not unknown to the jurisprudence of this State. Three cases involving this subject have been considered by this court. *Laurence* v. *Savannah, 71 Ga.* 392; *Mayor &c. of Savannah* v. *Weed, 84 Ga.* 683 (11 S. E. 235, 8 L. R. A. 270); *Wells* v. *Savannah, 87 Ga.* 397 (13 S. E. 442). In the latter case land demised forever, subject to a perpetual rent, was treated as the property of the grantee, his heirs and assigns, and ground rent reserved was treated as an incorporeal hereditament belonging to the vendor, his heirs and assigns.

We have reached the conclusion, from the foregoing considerations, that under the instrument in this case Atkinson took a base fee, that is, an estate in fee, defeasible upon non-compliance with the conditions therein named, and that the estate of Foster reserved an annual rent charge, which, so long as the estate granted is not forfeited, is an incorporeal hereditament. The base fee and the ground rent are inheritable, and the heirs and assigns of each sustain the same relation to each other as did the original parties to the instrument. Scott v. Lunt, 7 Peters, 596 (10 Curt. 584, 8 L. ed. 797); McCammon v. Cooper, 69 Ohio St. 366 (69 N. E. 658).

Our Civil Code, § 1018, declares: "Taxes are to be charged against the owner of property if known, and against the specific property itself if the owner is not known. Life-tenants, and those who own and enjoy the property, are chargeable with the tax thereon. Hence, while the public may treat property as belonging either to the maker or the holder of a bond for titles, when the latter is in possession, yet as between the parties the one receiving the

rent or enjoying the use is liable for the tax." Applying this principle to the case at bar, the owners of the base fee (the defendants in error in this case) are chargeable with the tax assessed against the land and improvements. *Wells* v. *Savannah,* supra; Franciscus *v.* Reigart, 4 Watts (Pa.), 98; Connecticut Spiritualist Camp-Meeting Assn. *v.* East Lyme, supra.

The petition was projected and the case tried on the hypothesis that the two parties to the contract had separate interests in the land, and that as between themselves there should be an apportionment of the tax. But, as we have attempted to demonstrate, such is not the case. As we view it, the owner of the base fee is the owner of the property in possession, and is liable for such taxes as may be assessed against the property. It is true that his property is burdened with a ground rent, but that gives him no more right to call upon the owner of the ground rent for contribution than, if the property be incumbered by mortgage, to call upon the mortgage to share in the payment of the tax assessed upon the property. The mortgagee pays taxes on his mortgage and the mortgagor on the property. Likewise, the owner of the ground rent is personally liable for the tax on his ground rent, and the owner of the base fee is liable for the taxes assessed against the land.

*Judgment reversed. All the Justices concur.*