## ROWE v. ROWE.

*Error proceedings—Court of appeals—Seventy-day limitation—
Section 12270, General Code—Divorce granted but alimony
reserved—Date of alimony decree governs—Motion for new
trial and overruling necessary—Weight of evidence.*

1. Where in a decree for divorce, alimony is granted based on the value of the husband's property, the question of the amount being reserved until the value of the property is ascertained in a way specified, the seventy days allowed by Section 12270, General Code, for filing petition in error begin to run from the date of making the formal journal entry granting alimony.

2. In all cases, including those for divorce and alimony, before a review may be had upon the weight of the evidence, it is necessary that a motion for a new trial be made and overruled.

(Decided March 13, 1922.)

ERROR: Court of Appeals for Hamilton county.

ON MOTION to dismiss.

*Messrs. Fulton & Woost,* for plaintiff in error.
*Mr. Henry K. Gibson,* for defendant in error.

HAMILTON, P. J. This case was heard on motion to dismiss the petition in error and strike the bill of exceptions from the files, on the ground that they were not filed within the time prescribed by law.

It appears from the record that on the trial of the case on the merits, on the 7th day of June, 1921, the court granted the defendant in error a divorce, on her cross-petition, for the aggression of the husband, and in the decree granted alimony, to be based on the valuation of the husband's property, and re-

served the question of the amount until the value of the husband's property could be ascertained in a way specified.

On December 10 the court made the formal entry, granting alimony, and, on December 12, within three days, plaintiff in error filed a motion for a new trial, which motion was overruled on January 9, 1922.

Section 12270, General Code, provides that the petition in error must be filed within seventy days after the entry of the judgment or final order complained of.

The judgment entry of December 10, 1921, fixing the amount of the alimony, was a judgment within the meaning of Section 12270, General Code. (*Thompson* v. *Denton*, 95 Ohio St., 333.) The petition in error was filed within seventy days, and is within time.

It is urged that the bill of exceptions, if permitted to stand, is not complete and cannot be considered, and that without a bill of exceptions there is no question presented by the petition in error. The petition in error sets forth several grounds of error which may appear from the record *de hors* the bill, and raises some questions which in the absence of a bill of exceptions may be considered.

The motion to dismiss the petition in error will be overruled.

Section 11564, General Code, provides that the bill of exceptions must be filed in the cause below not later than forty days after the overruling of the motion for a new trial, or after decision of the court when a motion for a new trial is not filed.

The bill of exceptions was filed January 27, 1922, which was within forty days from the date of the overruling of the motion for a new trial, but more

than forty days after the entry of the judgment on December 10.

It is argued that a motion for a new trial is a nullity, as such motion is not contemplated in an action of this kind. If the motion was proper, the time for filing the bill of exceptions would begin to run at the date of the overruling of the motion, to-wit, January 9, 1922.

The petition in error raises the question that the judgment is against the weight of the evidence. To have this question considered on review it is necessary to file a motion for a new trial. In the case of *Turner* v. *Turner*, 17 Ohio St., 449, the first proposition of the syllabus is:

"In a case in equity, under the code, as well as in a case which before the code would have been an action at law, before this court can review the finding in the court below on conflicting evidence, it is indispensable that a motion for a new trial, on the ground that such finding is against or not sustained by the evidence, should have been made and overruled."

In *Minnear* v. *Holloway*, 56 Ohio St., 148, the court says in the opinion, at page 150: "It has been repeatedly held by this court that the circuit court cannot review a case upon the weight of the evidence, unless a motion for a new trial upon the ground that the judgment is not sustained by sufficient evidence, or is against the weight of the evidence, has been filed and overruled, and that this rule is applicable to all cases, both at law and in equity." In support of this proposition the court cites the case of *Turner* v. *Turner, supra,* and other Ohio decisions.

It is, therefore, clear that in all cases, including divorce and alimony cases, before a review may be had upon the weight of the evidence, or on the ground that the judgment is not sustained by the evidence, it is necessary that a motion for a new trial be made and overruled.

The time for filing the bill of exceptions would begin to run at the date of the overruling of the motion. It was, therefore, filed within time.

It is urged that the bill of exceptions should be stricken from the files for the reason that it does not contain all the evidence, nor any part of the evidence submitted at the trial had June 7, 1921, when the divorce was granted. While it is true that the court found in its decree of June 7 that the defendant in error was entitled to alimony, which judgment cannot be reviewed, still it retained the question of the amount, which was heard and determined, as heretofore stated, December 10, and this is the only matter for consideration. The trial court certifies the bill to be a true bill of the proceedings had at that time.

The motion to strike the bill of exceptions from the files will be overruled.

*Motion to dismiss petition in error and strike bill of exceptions from the files overruled.*

CUSHING and BUCHWALTER, JJ., concur.