THE WOOD-NASH MOTOR CO. *v.* THE MIDLAND ACCEPT-ANCE CORP.

(Decided June 7, 1929.)

Mr. *Lee J. Myers,* for plaintiff in error.
Mr. *H. H. Sprigle,* for defendant in error.

WASHBURN, J.   The Midland Acceptance Corporation, of Cincinnati, Ohio, defendant in error, brought suit against the Wood-Nash Motor Company, of Akron, Ohio, plaintiff in error, and recovered a judgment of $466.65, with interest.

The Acceptance Corporation alleged in its petition that it was the owner of a certain automobile and entitled to the possession thereof, and that the motor company unlawfully converted the same to its own use.   The motor company filed a general denial.

When the cause came on for trial before the court and jury, the Acceptance Corporation, in proof of its claim of ownership, offered in evidence a copy of a chattel mortgage upon the automobile in question, which the recorder of Butler county certified to be a true copy of said chattel mortgage, received and filed in his office on April 9, 1925.   Said instrument was filed, but was not recorded.   The mortgagee named in the instrument was a motor company in Montgomery county and the instrument purports to have been executed in that county on April 3, 1925, and to have been assigned on the same day to the Acceptance Corporation.

No other or further proof was offered of the existence of such mortgage, and no competent evidence was offered showing that the Acceptance Corporation was the owner and in the possession of the note which the mortgage was given to secure, nor what amount was still due upon said note.   Such evidence as was offered on that subject was clearly incompetent, and such as was admitted was admitted over the objection and exception of the motor company.

At the close of the evidence on behalf of the Acceptance Corporation, the motor company made

a motion to arrest the testimony from the jury and direct a verdict in its favor, which the court refused to do, and an exception was duly noted. The motor company then rested; and renewed said motion, which was overruled, and an exception noted.

It is the claim of the motor company that there was no evidence that the Acceptance Corporation owned said car. That claim is based upon the proposition that said certified copy of the mortgage was not admissible in evidence as proof that such a mortgage was executed by the mortgagor named therein or that the same was filed in the proper county.

The Acceptance Corporation relies upon Section 8557, General Code, which provides that "a copy of the record of a deed or other instrument of writing, duly certified by the county recorder with his official seal affixed thereto, shall be received in all courts, and places within this state, as *prima facie* evidence of the existence of such instrument * * *." This section is inapplicable because it is by its terms limited to copies of a record, and therefore applies only to recorded instruments and not to instruments that are merely filed.

The general rule is that, if the law provides for the making of a record of an instrument, and pursuant thereto such instrument is, by the proper officer, copied into a public record, then a certified copy of such record, made by the proper public official, is *prima facie* evidence of the existence and contents of such instrument; but that if there is no statutory authority for recording the original instrument, and it is nevertheless recorded, a certified transcript of such record is not admissible in evidence. *Lessee of Johnston* v. *Haines*, 2 Ohio, 55, 15 Am. Dec., 533;

*Webster* v. *Harris,* 16 Ohio, 490; *Stanglein* v. *State,* 17 Ohio St., 453.

And likewise, where an instrument, pursuant to law, is merely filed with a public official, but not recorded, a certified copy of such instrument, made by such public official, is not admissible in evidence, unless made so by statute, and then only to the extent and as to such matters as the statute specifically provides. One reason for the distinction made between a recorded instrument and one that is merely filed seems to be that the opportunity for making alterations in a public record is not as great as it is in reference to an instrument which is merely filed.

There is a section of the General Code (8571) which relates especially to chattel mortgages, which was not cited or commented upon by counsel, and which is determinative of the matter now under consideration. Section 8563 provides that the chattel mortgage which the law requires to be filed may be recorded, if the party filing the same requests that to be done, and pays the fee therefor; but, if that is not done, the instrument is merely a 'filed" instrument. Said Section 8571 provides that a certified copy of the record of such chattel mortgage shall be *prima facie* proof of its existence, but makes no such provision as to a certified copy of a "filed," but not recorded, chattel mortgage. As to the latter, it provides that "a copy of such original instrument, * * * certified by the officer in whose office it is filed, shall be received in evidence, but *only* of the fact that such instrument or copy * * * was received and filed according to the indorsement of the officer thereon."

It thus is the plain provision of the statute that a

certified copy of a duly filed, but not recorded, chattel mortgage is not *prima facie* evidence of its due execution or of the matters set forth therein. It therefore appears in this case that said certified copy was not *prima facie* evidence of the existence of said chattel mortgage; and, if we disregard the other evidence, which should have been excluded, and which was admitted over the objection and exception of the motor company, there was no evidence of the ownership of said automobile by the Acceptance Corporation, and the motion of the motor company for a directed verdict should have been granted.

For error in not granting said motion, the judgment is reversed, and, proceeding to render the judgment which the trial court should have rendered, final judgment is entered for the plaintiff in error, the Wood-Nash Motor Company.

*Judgment reversed.*

FUNK, P. J., and PARDEE, J., concur.