505 So.2d 690 (1987)
Matt Langley BELL, III, Tax Collector for Escambia County, Florida, Escambia County, Florida, a Political Subdivision of the State of Florida, R.J. Hooten, and Santa Rosa Island Authority, Appellants,
v.
R.D. BRYAN, a/k/a Ruepert D. Bryan, and Nellie B. Bryan, Husband and Wife, Don Bryan, Merrell Fairchild, William O. Wedel, a/K/a W.O. Wedel and Dorothy Thayer, Appellees.
No. BL-45.
District Court of Appeal of Florida, First District.
April 21, 1987.
Thomas F. Condon of Mitchell & Condon, Pensacola, for appellant Bell, Tax Collector.
J.B. Hopkins, Pensacola, and Larry E. Levy of McFarlane, Ferguson, Allison & Kelly, Tallahassee, for appellant Escambia County.
Spencer Mitchem of Beggs & Lane, Pensacola, for appellant Santa Rosa Island Authority.
M.J. Menge, of Shell, Fleming, Davis & Menge, Pensacola, for appellees.

ON REHEARING
NIMMONS, Judge.
We substitute the following for the opinion of January 23, 1987, filed in this case. Except for the modification exemplified by the amended opinion, rehearing is denied.
Appellants challenge a summary judgment entered in favor of appellees, taxpayers on Santa Rosa Island. We affirm.
Appellant, Escambia County, owns property on Santa Rosa Island which it leases to appellees through its agents, the Santa Rosa Island Authority. Each lease states in part:
(3) The above described property is leased to lessee as residential property for the purpose of constructing and maintaining a beach home or seasonal or permanent residence thereon. Lessee covenants and agrees at his own cost and expense to erect and complete a dwelling house on said property... .
(4) Title to any building or other improvements of a permanent character that shall be erected or placed upon the demised premises by the lessee shall forthwith vest in said Escambia County, subject, however, to the term of years and option to renew granted to lessee under terms of this lease.
Appellees are leaseholders who improved their lots for residential purposes.
With regard to the taxes to be paid by appellees in 1982 and 1983, the County assessed no tax on the value of the leasehold *691 without improvements. This was apparently taxed by the state as intangible personal property pursuant to Section 196.199(2)(b), Florida Statutes (1981). However, taxes on the improvements made by the lessees/appellees were assessed at the full real property rate. Appellant/Tax Collector issued tax certificates on the property to enforce the assessments. Appellees filed a complaint requesting declaratory and injunctive relief. The trial court granted summary judgment in favor of appellees finding that the real property belonged to the County, thus making tax certificates an improper method of enforcing an assessment, and finding that the assessments should have been at the intangible property rate instead of the real property rate. We affirm on both grounds.
The first issue raised by appellants is that it was not improper for the tax collector to issue tax certificates on the improvements on the property owned by Escambia County.[1] As the trial court found under the above quoted terms of the lease, the improvements on the Santa Rosa properties belong to Escambia County. That being the case, it is inappropriate to enforce tax assessments via sale of tax certificates. Section 197.116(8), Florida Statutes (1983). The trial court was correct in granting summary judgment on this ground.
The alternative ground suggested by appellees for granting summary judgment was that the assessments were erroneous in that they taxed the improvements at a real property rate instead of at an intangible personal property rate. The trial court agreed with this interpretation of existing law. So do we.[2]
Section 196.001, Florida Statutes, which has remained unchanged since 1971, provides:
Unless expressly exempted from taxation, the following property shall be subject to taxation in the manner provided by law:
(1) All real and personal property in this state and all personal property belonging to persons residing in this state; and
(2) All leasehold interests in property of the United States, of the State, or any political subdivision, municipality, agency, authority, or other public body corporate of the state.
The general method of taxation is prescribed in other parts of Florida Statutes, e.g. Chapters 193 and 200. However, within Chapter 196, entitled "Exemptions," appears Section 196.199(2)(b), Florida Statutes (1981)[3]:
(2) Property owned by the following governmental units, but used by nongovernmental lessees, shall only be exempt from taxation under the following conditions:
* * * * * *
(b) ... Such leasehold estate shall be taxed only as intangible personal property pursuant to Chapter 199 if rental payments are due in consideration of such leasehold estate. If no rental payments are due pursuant to an agreement creating such leasehold estate, the leasehold shall be taxed as real property. Nothing in this section shall be deemed to exempt personal property, buildings, or other real property improvements owned by the lessee from ad valorem taxation.
The exemption contained in this section is applicable to the instant leaseholds. All parties concede that the exemption applies to the real property on which the improvements were built. However, appellants argue the novel proposition that the improvements, which are property of Escambia County, and the development of which is the express purpose of the creation of the leasehold, are not part of that leasehold. We can find no basis in law or reason for determining that the improvements on the *692 real property are not as much a part of the leasehold as the real property itself.
The trial court correctly determined that the assessments placed on the improvements to the subject property were erroneous and should have been determined at the intangible personal property rate pursuant to the above quoted section.
Accordingly, the summary judgment in favor of appellees is AFFIRMED.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] Appellant/Tax Collector concedes the correctness of the trial court's findings on this point. However, the other appellants do not.
[2] No constitutional challenge to this statutory taxation scheme is raised on appeal and therefore, of course, no constitutional issues are determined.
[3] The statute was slightly changed in 1985. Chapter 85-342, Laws of Florida.