SHIVERS, Judge.
Appellant, Matt Langley Bell, III, appeals from the trial court’s final judgment of dismissal granting a motion to dismiss filed by the appellees/taxpayers. Bell raises the following issues in this appeal: (1) whether the trial court erred in concluding that the assessments made against the ap-pellees were against their leasehold interests, which by Florida law are defined as intangibles, and (2) whether the trial court erred in granting appellees’ motion to dismiss in view of Bell’s allegations that the statute of limitations barred such a challenge. We affirm.
We affirm as to Issue I based on our holding in Bell v. Bryan, 505 So.2d 690 (Fla. 1st DCA), review denied, 513 So.2d 1060 (Fla.1987). As to Issue II, we note that section 194.171(2), Florida Statutes (1983),[1] applies on its face to instances *1025 where the taxpayer is in the posture of a plaintiff bringing an action contesting a tax assessment, and that in the instant case, the taxpayers are the defendants. Moreover, the Florida Supreme Court has stated that when tax assessments are void, they may be enjoined at any time. Lake Worth Towers, Inc. v. Gerstung, 262 So.2d 1 (Fla.1972); see also Neptune Hollywood Beach Club, Inc. v. Markham, 473 So.2d 691 (Fla. 4th DCA 1985). In the instant case, the appellees argued in their motion to dismiss that the property appraiser had no authority to assess their interest in leasehold improvements as real property. Consequently, appellees were alleging that the taxes the tax collector sought to collect were void. See Lake Worth Towers, Inc. v. Gerstung, 262 So.2d at 4. For the foregoing reasons, we affirm.
ZEHMER, J„ and PEARSON, TILLMAN (Ret.), Associate Judge, concur.

. The statute provides:
No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the property appraisal adjustment board if a petition contesting the *1025 assessment had not received final action by the property appraisal adjustment board prior to extension of the roll under s. 197.0134.