575 So.2d 1340 (1991)
MARATHON AIR SERVICES, INC., Appellant,
v.
Ervin A. HIGGS, As Property Appraiser of Monroe County, Appellee.
No. 90-1390.
District Court of Appeal of Florida, Third District.
February 26, 1991.
Rehearing Denied April 8, 1991.
Frigola, DeVane, Wright, Dorl & Hendrickson and Alfred K. Frigola and James Dorl, Marathon, for appellant.
Dent, Antrim-Berger, Cook & Weber and John C. Dent, Jr., Sarasota, for appellee.
Before FERGUSON, COPE and LEVY, JJ.
COPE, Judge.
Marathon Air Services, Inc., appeals a trial court order which rejected its challenge to the assessment of ad valorem taxation on a building owned by Marathon. We affirm.
Monroe County owns the Marathon Airport in Marathon, Florida. The County leased airport land to Marathon Air to conduct fixed base operator services at the airport. Marathon Air pays rent to the County based on a formula specified in the lease. In the lease, Marathon Air agreed to build a building on the leased property from which Marathon Air would transact business. Under the lease, the fixed improvements erected by Marathon Air remain the property of Marathon Air during the lease term. Upon termination of the lease, the fixed improvements will become the property of the County.
After the building was constructed the appellee property appraiser placed the building on the tax roll and assessed ad valorem taxes on it. After exhausting administrative remedies Marathon Air brought suit to challenge the assessment. Marathon Air contended that as a fixed base operator, it performs a governmental function and that it enjoys exemption from ad valorem taxation pursuant to section 196.199(2)(a), Florida Statutes (1989). The trial court held that the building was not exempt and dismissed the action with prejudice.
We conclude that the trial court was correct. Section 196.199(2)(a) grants an exemption of "[l]easehold interests in property ... of the state or any of its several political subdivisions ... from ad valorem taxation only when the lessee serves or performs a governmental, municipal, or public purpose or function, as defined in s. 196.012(6)." Id. (footnote omitted). For present purposes we assume, as did the trial court, that Marathon Air performs a governmental function. Even if that is so, Marathon Air's building is not part of the leasehold. On the contrary, by the express terms of the lease, the building remains the property of Marathon Air until the conclusion of the lease period. Since the building is not part of the leased property, it is not *1341 exempt from ad valorem taxation under section 196.199(2)(a). See Parker v. Hertz Corp., 544 So.2d 249 (Fla. 2d DCA 1989). Marathon Air relies on Bell v. Bryan, 505 So.2d 690 (Fla. 1st DCA), review denied, 513 So.2d 1060 (Fla. 1987), aff'd after remand, 519 So.2d 1024 (Fla. 1st DCA 1988) (judgment of dismissal in favor of lessee), but in that case the lease provided that title to any building erected on the demised premises by lessee would immediately vest in the County. For that reason, the Bell court held that the improvements became part of the leasehold when constructed. Here, the lease provided that title would remain in the lessee, as was true in Parker. The trial court was entirely correct in denying the exemption. Because that determination is dispositive, we need not reach Marathon Air's second point on appeal.[*]
Affirmed.
NOTES
[*] The trial court made an alternative ruling that the exemption was also barred by the final sentence of section 196.199(2)(b), Florida Statutes (1989). The sentence states that "[n]othing in "this paragraph [(2)(b)] shall be deemed to exempt personal property, buildings, or other real property improvements owned by the lessee from ad valorem taxation." (Emphasis added.) Marathon Air argues that paragraph (2)(b) applies only to nongovernmental leases and since the lease in question is a governmental lease, paragraph (2)(b) does not apply; thus the court improperly ruled that the last sentence of that paragraph barred Marathon Air's exemption. The property appraiser argues that paragraph (2)(b) is a limitation on paragraph (2)(a), and that the last sentence of paragraph (2)(b) is therefore pertinent. For present purposes we have assumed arguendo that section 196.199(2)(b) is inapplicable.