748 So.2d 349 (1999)
Joel W. ROBBINS, as Dade County Property Appraiser, et al., Appellant,
v.
MT. SINAI MEDICAL CENTER, INC. and Line Scientific Leasing, Appellees.
No. 99-278.
District Court of Appeal of Florida, Third District.
December 15, 1999.
Rehearing Denied February 9, 2000.
*350 Robert A. Ginsburg, Dade County Attorney, and Thomas W. Logue, Assistant County Attorney, for appellant.
Greenberg Traurig and Elliot H. Scherker and Pedro J. Martinez-Fraga and Paul C. Savage, Miami, for appellee.
Before JORGENSON, LEVY, and GREEN, JJ.
LEVY, Judge.
Joel Robbins, the Dade County Property Appraiser ("Property Appraiser"), appeals the trial court's finding that Mt. Sinai Medical Center, Inc. ("Lessee") was entitled to a charitable ad valorem tax exemption on leased medical equipment ("properties") on the ground that Lessee was the equitable owner of the properties. We reverse.
Lessee, a tax exempt not-for-profit medical hospital, leased some medical equipment from Linc Scientific Leasing ("Lessor") through individual long-term operational leases. The leased properties included: (a) SARA anesthesia systems; (b) 200 Sigma Infusion Pumps; (c) Nuclear Camera; (d) Chemistry Analyzer; (e) Corometrics Ultrasound; (f) GE 8800 CT Scanner. There is no question that, had Lessee acquired these properties via a capital lease, Lessee would have been entitled to an ad valorem tax exemption on the properties. Under a capital lease, the leased properties are treated as debt, and, after all lease payments are made to lessor, the lessee acquires title to the property either automatically or by payment of a nominal sum. In the instant matter, however, Lessee acquired the properties through long-term operational leases instead of capital leases because Lessee's master trust indenture limited the amount of debt that Lessee could assume. Under these operational leases, Lessee was required to make periodic payments for the terms of the leases. At the expiration of said leases' terms, upon Lessor's approval, Lessee could either purchase the properties at fair market value, return the properties to Lessor or renew the properties' leases for a new term.
*351 Lessor and Lessee applied for a charitable ad valorem tax exemption for the properties on the grounds that Lessee was the equitable owner of the properties. Property Appraiser denied their application. Likewise, Lessee's appeal to the Value Adjustment Board was denied. Lessor and Lessee then filed this case in the circuit court. The matter came before the trial court on cross-motions for summary judgment based on stipulated facts and documents. After a hearing, the trial court reversed the decisions of Property Appraiser and the Value Adjustment Board and granted Lessee the charitable ad valorem tax exemption, finding that Lessee was the equitable owner of the properties. The trial court made this determination because Lessee: (1) insured the subject properties; (2) maintained the subject properties; (3) repaired the subject properties; (4) used the subject properties to render tax-exempt health care services; (5) was contractually liable for taxes; and (6) had the option of purchasing the properties at the end of the leases at fair market value. We find that Lessee was not the equitable owner of the properties; therefore, Lessee was not entitled to a charitable tax exemption on the properties.
Under section 196.192(1), Florida Statutes (1999), "[a]ll property owned by an exempt entity and used exclusively for exempt purposes shall be totally exempt from ad valorem taxation." (emphasis added). In general, a tax exempt lessee "owns" leased property for purposes of section 196.192(1) if the lessee is found to be the equitable owner of the leased property. See Leon County Educational Facilities Authority v. Hartsfield, 698 So.2d 526 (Fla.1997); See also Metropolitan Dade County v. Brothers of the Good Shepherd, Inc., 714 So.2d 573 (Fla. 3d DCA 1998). The lessee is deemed to be the leased property's equitable owner if the lessee holds "virtually all the benefits and burdens of ownership" of the leased property. Leon County Educational Facilities Authority, 698 So.2d at 530.
Valid "burdens and benefits" considered by Florida courts include the lessee's obligation to insure, maintain and pay taxes on the leased property, as well as the lessee's option to purchase the leased property at the end of the lease term. See Leon County Educational Facilities Authority, 698 So.2d at 527; Hialeah, Inc. v. Dade County, 490 So.2d 998, 999 (Fla. 3d DCA 1986). None of these factors, including an option to purchase, convey to a lessee equitable title to leased property when considered individually. See Leon County Educational Facilities Authority, 698 So.2d at 530. However, when these factors are considered in relation to one another, the courts may determine that a lessee is the equitable owner of leased property. In considering all of these aforementioned factors, Florida courts have only granted a lessee equitable ownership of leased property when that lessee retained an option to purchase the leased property for nominal value. See Leon County Educational Facilities Authority, 698 So.2d at 527 (lessee who could purchase a dormitory and food service project for one dollar deemed the project's equitable owner); First Union National Bank of Florida v. Ford, 636 So.2d 523 (Fla. 5th DCA 1993) (lessee named equitable owner of leased property because title would pass automatically to lessee upon full payment of debt); Hialeah Inc. v. Dade County, 490 So.2d at 998 (lessee deemed equitable owner of leased property because lessee could purchase said property for $100 upon full payment of debt).
In the instant matter, Lessee did not hold an option to purchase the subject properties at nominal value. On the contrary, Lessee could only purchase the properties at the end of their lease terms at their fair market value, subject to Lessor's approval. Based on the foregoing authorities, Lessee does not qualify as an equitable owner of the properties. This determination is further strengthened by the fact that Lessee did not have a true option to purchase the leased properties in *352 the first place. By virtue of the properties' leases, Lessee could either purchase the properties for fair market value, return the properties to Lessor or renew the properties' leases for a new term. Furthermore, any choice exercised by Lessee was subject to Lessor's approval. In essence, this was not an option to purchase but, instead, an option by Lessee to ask to buy the properties and an option on behalf of Lessor to refuse said request. Based on these facts and circumstances, we find that Lessee was not the equitable owner of the properties. We further find that Lessee's payment of taxes, insurance, maintenance, and repair of the leased properties, considered in the context of the relationship between the parties, did not convey Lessee equitable title to the leased properties.
Reversed.