POLSTON, J.
Appellant Service Metro Corporation seeks an exemption from ad valorem property tax assessments pursuant to section 196.199, Florida Statutes, for various tax years. To qualify for the exemption, the property must be owned and used by a governmental entity for governmental or *1217 public purposes. Because the property is leased and occupied by the Department of Health and Rehabilitative Services (“HRS”), now known as the Department of Children and Families, it is undisputed that the property is being used for a governmental purpose. The issue is who owns the property. Service Metro argues that Escambia County and HRS own the property.
After a two-day bench trial, the circuit court ruled, with extensive analysis, that the property is not exempt because Service Metro is the true owner of the property. We agree that Service Metro has sufficient rights and duties regarding the property to make it the equitable owner. See Leon County Educational Facilities Authority v. Hartsfield, 698 So.2d 526 (Fla.1997); First Union National Bank of Florida v. Ford, 636 So.2d 523 (Fla. 5th DCA 1993). Accordingly, we affirm.
However, we do not reach the circuit court’s ruling that Escambia County’s acceptance of bare legal title was an unconstitutional accommodation by the County to aid a private corporation in violation of Article VII, § 10, of the Florida Constitution. Singletary v. State, 322 So.2d 551, 552 (Fla.1975)(courts should avoid reaching a constitutional issue in a case when the decision can be made on other grounds).
AFFIRMED.
ALLEN and VAN NORTWICK, JJ., concur.