POLSTON, J.
Appellants challenge the trial court’s ruling that they are equitable owners of the property improvements placed on their leaseholds at Navarre Beach in Santa Rosa County. They contend that their leasehold interests are exempt from ad valorem property taxes pursuant to section 196.199, Florida Statutes (2001). Because we agree with the trial court that appellants have sufficient rights and duties regarding the property to make them equitable owners, we affirm. See Serv. Metro Corp. v. Bell, 786 So.2d 1216, 1217 (Fla. 1st DCA 2001); Leon County Educ. Facilities Auth. v. Hartsfield, 698 So.2d 526, 529 (Fla.1997) (stating that “equitable ownership should be applied evenhandedly regardless of whether a tax is being imposed or an exemption is being claimed”).
The land underlying appellants’ improvements was conveyed by the United States of America to Escambia County in 1947. Escambia County later leased this land to Santa Rosa County for 99 years with automatic renewals for additional 99-year periods in perpetuity. It is undisputed that appellants have the right to renew their own assigned interests in this land lease for the same term of Santa Rosa County’s lease term from Escambia County, thereby providing appellants with the same right to perpetual renewals. Appellants have the right to use or rent the improvements, encumber their interests, transfer their property rights, and realize any appreciation in value from sale or rental income. They must insure and maintain the improvements[1] and are responsible for the payment of any taxes. Therefore, appellants are equitable owners of the property. See Thompson v. First *464 Nat’l Bank of Hollywood, 321 So.2d 466, 468 (Fla. 4th DCA 1975) (defining a lease in perpetuity as one that is renewable forever at the lessee’s option and as “a grant of lands in fee with the reservation of a rent in fee”; describing a perpetual lease as a conveyance in fee, reserving rent); J.W. Perry Co. v. City of Norfolk, 220 U.S. 472, 479, 31 S.Ct. 465, 55 L.Ed. 548 (1911) (ruling that a lease for a terra of 99 years with a right to renew for additional terms of 99 years in perpetuity is a perpetual lease and the “ ‘tenant is in effect the virtual owner of the property, and entitled to its use forever;’ ” therefore, “ ‘[f]or the purposes of taxation, the mere legal title remaining in the landlord will be disregarded’ ”); Wells v. City of Savannah, 181 U.S. 531, 544, 21 S.Ct. 697, 45 L.Ed. 986 (1901) (ruling that ad valorem property taxes were properly assessed against property subject to perpetual leases because the lessees’ “right was in substance that of ownership” and “bears no resemblance to the case of an ordinary lease for years between landlord and tenant”); Wright Runstad Props. Ltd. P’ship v. United States, 40 Fed.Cl. 820, 825 (1998) (stating that a lessee is the sole beneficiary of a leasehold improvement when “the lease term is perpetual or will outlast the useful life of the capital improvement for which the special assessment is levied”); Penick v. Atkinson, 139 Ga. 649, 77 S.E. 1055, 1057 (1913) (ruling that a perpetual lease, with power to re-enter for nonpayment of rent, is the equivalent of a fee reserving rent, and the property should be taxed to the lessee as owner).[2]
We are not persuaded by appellants’ argument that section 196.199(7) (stating inter alia that property which is originally leased for 100 years or more, exclusive of renewal options, shall be deemed to be owned) provides a safe harbor from being taxed as equitable owners. This provision only provides a bright-line test for leases having an initial term of 100 years or more, by deeming them as owned without the need to further address whether there are sufficient rights and duties to consider the lessees as equitable owners. A plain reading of the section indicates that it does not address 99-year term leases, with automatic renewals for additional 99-year periods in perpetuity, or any other circumstances from which equitable ownership may be found. See Parker v. Hertz Corp., 544 So.2d 249, 251 (Fla. 2d DCA 1989) (rejecting Hertz’s argument that because it had a lease less than 100 years, it cannot be deemed an owner for property tax purposes; “we do not perceive the sweep of the word ‘owned’ appearing in section 196.199(2)(b) to be measurable exclusively by section 196.199(7)”; “[tjhere is nothing within section 196.199(7) barring the examination of extrinsic criteria in deciding a question of ownership”); Hialeah, Inc. v. Dade County, 490 So.2d 998, 999-1001 (Fla. 3d DCA 1986) (rejecting Hialeah Inc.’s argument that because it had a 30-year lease from the City of Hialeah, which is less than 100 years under section 196.199(7), it should be considered as a leasehold subject to intangible personal property taxation, and holding that Hialeah Inc. was the beneficial owner of the property subject to assessment of real property taxes). Moreover, the Florida Constitution expressly contemplates equitable ownership for leases with initial terms of 99 years by providing homestead exemptions for leaseholds in excess of 98 years. See art. VII, § 6(a), Fla. Const. Accordingly, we agree with the trial court that the appellants are equitable owners *465 and their property is not exempt from taxation.
AFFIRMED.
WEBSTER, J. concurs; BENTON, J. dissents with opinion.

. Appellants argue that they are not equitable owners because they are required to maintain and rebuild the improvements, and the improvements are required to be conveyed to Santa Rosa County at the termination of the lease. We are not persuaded because there is no end to the lease. See Archer v. Marshall, 355 So.2d 781, 784 (Fla.1978).

. We agree with appellees that Bell v. Bryan, 505 So.2d 690 (Fla. 1st DCA 1987), is not controlling because the issue of equitable ownership was not addressed.