*799
 
 DAVIS, J.
 

 Appellants, those having leasehold interests in various properties located on Navarre Beach in Santa Rosa County, appeal the trial court’s Order Granting Defendants’ Motion for Summary Judgment and Denying Plaintiffs’ Motion for Summary Judgment and Entry of Final Judgment. Appellants challenge the trial court’s conclusion that because they are the equitable owners of the real property and any improvements thereon, they are subject to ad valorem property taxes. They also contend that the trial court erred in concluding that the Santa Rosa County Tax Collector has standing to challenge the constitutionality of the tax exemption at issue and that the exemption is unconstitutional. Because we agree with the trial court that Appellants are the equitable owners of both the real property and improvements and are subject to ad valorem property taxes as such, we do not reach the issue of standing or the constitutionality of the tax exemption.
 

 The land at issue was conveyed by the United States to Escambia County in 1947 through a Deed of Conveyance, which provided that although Escambia County could lease the land for such purposes as it deemed to be in the public interest, the land was “never to be otherwise disposed of or conveyed by it-” Escambia County leased the portion of Santa Rosa Island known as Navarre Beach to Santa Rosa County for ninety-nine years with automatic renewals for additional ninety-nine-year periods. Santa Rosa County later entered into leases with private individuals for development purposes. In
 
 Straughn v. Camp,
 
 293 So.2d 689, 694 (Fla.1974), the supreme court held that the Legislature had the power to provide for the taxing of private leaseholds on Santa Rosa Island that had been previously exempt from ad valorem taxes. Thereafter, in
 
 Williams v. Jones,
 
 326 So.2d 425, 429 (Fla.1975), the supreme court held that the Legislature had the power constitutionally to treat leasehold interests on Santa Rosa Island as real property for ad valorem tax purposes. When the Legislature subsequently passed a special act providing for a reduction in rent to be paid by leaseholders in an amount equal to the ad valorem taxes paid on the Santa Rosa Island leasehold interests ’ during the previous year, the supreme court held that the special act was unconstitutional because it provided for an indirect exemption from ad valorem taxes that was not authorized by the Florida Constitution.
 
 See Archer v. Marshall,
 
 355 So.2d 781, 781 (Fla.1978);
 
 see also Am Fi Inv. Corp. v. Kinney,
 
 360 So.2d 415, 415-16 (Fla.1978).
 

 In 1980, the Legislature enacted section 196.199(2)(b), Florida Statutes, which provides in part that a “leasehold or other interest shall be taxed only as intangible personal property ... if rental payments are due in consideration of such leasehold” and that “[i]f no rental payments are due ... the leasehold or other interest shall be taxed as real property.” In 1982 and 1983, the improvements made by the lessees on Santa Rosa Island were assessed at the full real property rate. In
 
 Bell v. Bryan,
 
 505 So.2d 690, 691 (Fla. 1st DCA 1987),
 
 rev. denied,
 
 513 So.2d 1060 (Fla.1987), we held that pursuant to section 196.199(2)(b), the improvements should have been taxed at the intangible personal property rate. Approximately eighteen years later, we affirmed the trial court’s ruling that the Navarre Beach leaseholders were not exempt from ad valorem property taxes pursuant to section 196.199 because they were the equitable owners of the property improvements.
 
 See Ward v. Brown,
 
 919 So.2d 462, 463 (Fla. 1st DCA 2005),
 
 rev. denied,
 
 923 So.2d 1165 (Fla.2006).
 

 
 *800
 
 Following the issuance of
 
 Ward,
 
 the Santa Rosa County Property Appraiser assessed ad valorem property taxes not only on the improvements located on Appellants’ leaseholds but also on the underlying land. Appellants filed their First Amended Complaint in March 2007, seeking a declaratory judgment and an injunction. Appellants attached copies of six leases to their Complaint, explaining that those leases had provisions that were common to most of the leases at issue. Each of the attached leases was for a ninety-nine-year term, and the lessees had the option to renew for another term of ninety-nine years.
 

 Appellees, the Santa Rosa County Property Appraiser and Tax Collector, asserted as their first affirmative defense that Appellants were subject to ad valo-rem taxation because they were the equitable owners of the underlying land and any improvements. Appellees included an Affirmative Defense of the Tax Collector, challenging the tax exemption sought by Appellants as being unconstitutional. Appellants moved to strike this affirmative defense, arguing that the Tax Collector was a ministerial public officer who lacked standing to challenge the constitutionality of statutes defining property for purposes of taxation.
 

 Both sides subsequently moved for summary judgment. In its order, the trial court found in part:
 

 All of the Plaintiffs’ interests at issue in this action are used for purely private purposes. The Plaintiffs enjoy the capital appreciation and rental
 
 income
 
 derived from these interests. The Plaintiffs have the right to convey their interests without restraint; they have the right to encumber their properties with mortgages; they bear all of the risks of ownership; they bear the responsibility for insurance, maintenance and repair; and they are typically responsible by the terms of their lease documents for taxes imposed upon their interests. The County, in contrast, does not does [sic] bear any of the burdens typically associated with ownership of real property.
 

 The court noted that the only difference between the assessments at issue and the assessments in previous cases was the inclusion of raw land and land underlying improvements. The court determined that
 
 Ward
 
 dictated that Appellants were to be considered the equitable owners of the improvements and the land for ad valorem property tax purposes. It ruled that the Tax Collector had standing to challenge the constitutionality of section 196.199(2)(b) and that Appellants’ interpretation of the statute as imposing only an intangible tax upon their interests would be unconstitutional. This appeal followed.
 

 Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). The standard of review is de novo.
 
 Id.
 
 In this case, the parties agree that there are no genuine issues of material fact. The issue is, therefore, whether Appellees are entitled to a judgment as a matter of law.
 

 Appellants first argue that
 
 Bell,
 
 not
 
 Ward,
 
 controls the taxation of improvements. As stated, this Court in
 
 Bell
 
 held that the improvements on the leased property on Santa Rosa Island were subject only
 
 to
 
 intangible personal property taxes pursuant to section 196.199(2)(b). 505 So.2d at 692. Thereafter, in
 
 Ward,
 
 the majority held that the appellants were the equitable owners of the improvements and subject to ad valorem taxation by relying on several factors: (1) the appellants had the right to perpetual lease renewals; (2)
 
 *801
 
 they had the right to use or rent the improvements; (3) they had the right to encumber their interests; (4) they had the right to transfer their property rights; (5) they had the right to realize any appreciation in value from sale or rental income; (6) they had to insure and maintain the improvements; and (7) they were responsible for the payment of any taxes. 919 So.2d at 463. Importantly, the majority determined that
 
 Bell
 
 was not controlling because the issue of equitable ownership was not addressed therein.
 
 Id.
 
 at 464 n. 2. As such, we reject Appellants’ argument that
 
 Bell
 
 controls the taxation of the improvements. In accordance with
 
 Ward,
 
 we affirm the trial court’s order as to the ad valorem taxation of those improvements.
 

 Turning to the taxation of the underlying property, an issue which was not addressed in
 
 Ward,
 
 Appellants first contend that the Deed of Conveyance prohibits ownership of the property at issue by private persons. While Appellants are correct, the issue presented in this case is not whether they are the legal owners of the property. Instead, the issue is whether they are the equitable owners of the property for ad valorem taxation purposes. The Deed of Conveyance has no bearing on this issue.
 

 Appellants next assert that the underlying property is immune from taxation.
 
 See Fla. Dept. of Revenue v. City of Gainesville,
 
 918 So.2d 250, 256 (Fla.2005) (noting that the State and counties are immune from ad valorem taxation). We reject this argument as well given that Appellants’ focus is again on the legal ownership of the property. As we stated with respect to the previous argument, the issue is whether Appellants are the equitable owners of the property for ad valorem taxation purposes. Whether Escambia County is immune from taxation has no bearing on this issue either.
 

 With respect to equitable ownership, Appellants argue that they have no such interest in the real property. We disagree. A lessee is deemed to be the leased property’s equitable owner if the lessee holds “ ‘virtually all the benefits and burdens of ownership’ ” of the leased property.
 
 Robbins v. Mt. Sinai Med. Ctr., Inc.,
 
 748 So.2d 349, 351 (Fla. 3d DCA 1999) (citation omitted). Valid burdens and benefits that have been considered by Florida courts include a lessee’s obligation to insure, maintain, and pay taxes on the leased property along with the lessee’s option to purchase the leased property at the end of the lease term.
 
 Id.
 

 As the trial court found in this case, Appellants enjoy the capital appreciation and rental income derived from their interests, they have the right to convey their interests without restraint, and they have the right to encumber their properties with mortgages. In addition to these benefits of ownership, Appellants bear the responsibility for insurance, maintenance and repair, and they are typically responsible by their lease terms for taxes imposed upon their interests. These factors, which the majority relied upon in
 
 Ward,
 
 apply to the taxation of the underlying property as much as they do to the property improvements. Although Appellants are correct that their leases contain no option to purchase, Escambia County is, as Appellants argue on appeal, prohibited through the Deed of Conveyance from selling the property. Thus, instead of having an option to purchase at the end of their lease terms, the majority of Appellants have the option to renew their leases for additional ninety-nine-year terms. All of these factors lead us to the conclusion that the trial court properly determined that Appellants are the equitable owners of the real property
 
 *802
 
 at issue for ad valorem taxation purposes. As such, the exemption found in section 196.199(2)(b) is inapplicable to Appellants.
 
 See Hialeah, Inc. v. Dade County,
 
 490 So.2d 998, 1000 (Fla. 3d DCA 1986) (“[Property is not government owned under applicable taxing statutes where the government merely holds legal title as security and a taxpayer is the beneficial owner in equity.”).
 

 We accordingly affirm the trial court’s order. Given the significance of the issues presented herein, we certify to the Florida Supreme Court the following as a question of great public importance:
 

 WHETHER SECTION 196.199(2)(b), FLORIDA STATUTES, IS INAPPLICABLE TO THE REAL PROPERTY AT ISSUE BECAUSE APPELLANTS ARE THE EQUITABLE OWNERS OF THAT PROPERTY?
 

 AFFIRMED.
 

 WOLF AND PADOVANO, JJ., CONCUR.