PER CURIAM.
The appellants, Chris Jones, Property Appraiser for Escambia County, Florida, and Janet Holley, Tax Collector for Es-cambia County, Florida, appeal the trial court’s order vacating the property tax assessments for the Portofino Condominiums for years 2004-09 and establishing the assessments based upon record evidence. For the reasons set forth below, we affirm.
The real property at issue was originally conveyed to Escambia. County, Florida, by the United States of America during the 1940s. The conveyance was conditioned upon the County retaining the property, and not conveying or otherwise disposing of the property. However, the County was expressly permitted to lease the whole, part, or parts of the land at the County’s discretion. On July 1, 1997, a portion of the property was leased by the Santa Rosa Island Authority, an agency of Escambia County, to Gary Work as Trustee of the Pensacola Beach Land Trust, and the property was eventually subleased and developed.
Because the Portofino Condominiums were situated on government-owned land, the Escambia County Tax Collector treated as exempt from ad valorem taxation both the land associated with the Portofino Condominiums and the improvements themselves. However, beginning in 2004, following the decision from this court in Ward v. Brown, 919 So.2d 462 (Fla. 1st DCA 2005), providing authority for the Escambia County Property Appraiser to assess improvements on Santa Rosa Island under an equitable ownership theory, the appellants assessed ad valorem taxes *244 against the improvements for the Portofi-no Condominiums. The Portofino Tower One Homeowners Association at Pensacola Beach, Inc. (“Portofino”), as the authorized representative of the 765 condominium units located in the five towers of the Portofino Condominiums, challenged the assessments, disputing the amount of the assessments, as well as the appellants’ right to assess improvements located on government-owned property.
Portofino moved to bifurcate the trial into the following legal issues: (I) whether the appellants had the authority to assess ad valorem taxes for the Portofino Condominiums; and (II) if the appellants did have such authority, whether the assessment of the Portofino Condominiums exceeded just value. During the first phase of the tidal, the trial 'court determined that the appellants were legally authorized to assess ad valorem taxes on the Portofino Condominiums. This decision was per cu-riam affirmed by this court in Portofino Tower One Homeowners Ass’n at Pensacola Beach, Inc., v. Jones, 987 So.2d 83 (Fla. 1st DCA 2008).
The second phase of the bifurcated trial is the subject of this appeal. After a four-day bench trial, the trial court determined that the property appraiser’s assessments exceeded just value; however, the trial court concluded that the record provided competent, substantial evidence to permit the court to establish the assessments, and therefore, the court established the assessments as it is authorized to do by section 194.301, Florida Statutes.
The appellants raise three issues on appeal: (I) whether the trial court erred in finding that the land underlying Portofino was not subject to ad valorem taxation contrary to subsequent decisions from this court as well as chapter 718, Florida Statutes; (II) whether the trial court erred in finding that the property appraiser failed to properly consider the criteria under section 193.011, Florida Statutes; and (III) whether the trial court erred in establishing the assessment of the Portofino Condominiums pursuant to section 194.301, Florida Statutes. We affirm with respect to the second and third issues because the trial court properly determined that the property appraiser’s assessments exceeded just value and because competent, substantial evidence in the record supports the trial court’s establishment of the assessments. See § 194.301, Fla. Stat. (2004); GTE Florida, Inc. v. Todora, 854 So.2d 731, 736 (Fla. 2d DCA 2003).
With respect to the first issue raised by the appellants, we write only to address their argument that, in accordance with this court’s recent decision in Accardo v. Brown, 63 So.3d 798 (Fla. 1st DCA 2011), the appellants’ assessment of ad va-lorem taxes on the Portofino improvements and land was proper. The appellants are correct that in Accardo this court held that leaseholds on Navarre Beach in Santa Rosa County[1] were subject to ad valorem taxation because the leaseholders were the equitable owners of both the improvements and the underlying land. However, the holding in Accardo is inapplicable under the facts of this case. First, the record on appeal clearly demonstrates that the Escambia County Property Appraiser did not seek to assess ad valorem taxes for the land underlying the Portofino Condominiums during the years in ques *245 tion;[2] thus, they may not do so now. See State, Dep’t of Revenue v. Sohn, 654 So.2d 249, 251 (Fla. 1st DCA 1995) (“It is clear that mistakes in judgment cannot be corrected after the tax roles [sic] are certified.”). Second, unlike Accardo — where the Santa Rosa Property Appraiser expressly sought to assess ad valorem taxes against the land by arguing that the leaseholders were the equitable owners of not only the improvements, but also the land— the Escambia County Property Appraiser never advanced at trial an equitable ownership argument with regard to the land underlying the Portofino Condominiums. They may not do so now for the first time on appeal. We, therefore, affirm the judgment of the trial court.
AFFIRMED.
BENTON, C.J., ROWE, and RAY, JJ., concur.

. Navarre Beach is located on the other side of Santa Rosa Island from the Portofino Condominiums. It was originally conveyed to Escambia County by the United States by a Deed of Conveyance and was later leased by Escambia County to Santa Rosa County. Accardo, 63 So.3d at 799.

. A document from the Tax Collector's Office plainly demonstrates that the land was treated as exempt as government-owned property during the contested years. This is further supported by ample record testimony from the Property Appraiser’s Office that they did not treat the land as taxable during the years at issue.